**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NARESH VISSA RAMMOHAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>STANLEY BLACK & DECKER, INC., DONALD ALLAN, JR., JAMES M. LOREE, AND LEE MCCHESNEY,<br><br>               Defendants. | Civil Case No. 3:23-cv-00369 (KAD) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS**

Lead Plaintiff General Retirement System of the City of Detroit[1] respectfully submits this Notice of Supplemental Authority in support of its Opposition to Defendants' Motion to Dismiss with respect to *In re e.l.f. Beauty, Inc. Sec. Litig.*, 2026 WL 296451 (N.D. Cal. Feb. 4, 2026) ("*Elf*") (sustaining alleged misleading statements pertaining to inventory buildup due to weakening demand), and *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc*, – F.4th –, 2026 WL 292424 (9th Cir. Feb. 4, 2026) ("*Funko*") (reversing dismissal in part, *inter alia*, as to the falsity of statements of possible risk regarding inventory management that had already materialized and as to the sufficiency of scienter allegations regarding those statements). Both of these decisions,

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning as defined in Plaintiff's Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Class Complaint (the "Opposition" or "Opp."). ECF 82. All "¶__" are to the SAC.

issued after the filing of the Opposition, allege facts analogous to those alleged by Plaintiff and support denial of Defendants' Motion.

In *Elf*, certain statements made by the e.l.f. CEO, were found to be "misleading in context because they conveyed that e.l.f. was building inventory to meet demand when [the CEO] allegedly knew at the time that inventory was building because demand was weakening." *Elf*, 2026 WL 296451, at *3. The misstatements in *Elf* are directly analogous to the statements at issue here. *See, e.g.*, ¶¶64-65, 69-72, 82-83, 88, 91-96, 97-108, 107, 110-15, 117-26, 128, 130-33, 135-37, 143-49, 155; Opp. at 1-3, 15, 19, 30-31, 33. While the court in *Elf* determined that the facts alleged therein only supported the falsity of the statements made in the latter part of the class period, here it is evident from the statements of the five Stanley CWs set forth in the SAC that Defendants knew from monthly meetings, internal reports, spreadsheets, presentations, and customer data that "unfavorable trends" concerning inventory and demand had emerged at Stanley before the start of the Class Period and continued throughout it. *See, e.g.*, ¶¶33-37, 56-57, 64-65, 69-72, 76, 78, 82-83, 88-92, 99-100; Opp. at 4-8; *compare Elf*, 2026 WL 296451, at *2-3 (where four CWs' statements regarding "unfavorable sales trends and weakening demand" discussed at "monthly forecast meetings" attended by defendants supported falsity with respect to statements concerning inventory build-up made in the latter part of the class period, and granting leave to amend as to earlier alleged misleading class period statements because it was "the Court's first ruling on the sufficiency of the complaint").

Similarly, in *Funko,* the Ninth Circuit held in the context of facts similar to those found in this action, that it was false or misleading to portray the risk of excess inventory buildup as a hypothetical future possibility when inventory buildup was already occurring. *Funko*, 2026 WL 292424 at *21; *see, e.g.*, ¶¶7, 67-68, 75, 107, 136, 154; Opp. at 2, 8, 14, 18, 24, 26, 28-30, 38-39.

2

In both *Funko* and this action, defendants mischaracterized existing inventory conditions in a manner that concealed the true state of the company's business from investors.

True and correct copies of *Elf* and *Funko* are attached hereto as Exhibits 1 and 2, respectively.

February 17, 2026

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

*/s/ Lawrence D. Levit*
Mitchell M.Z. Twersky (admitted *pro hac vice*)
Atara Twersky (admitted *pro hac vice*)
Lawrence D. Levit (admitted *pro hac vice*)
Dylan A. Berger (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com
dberger@aftlaw.com

**Counsel for General Retirement System of the City of Detroit and Lead Counsel for the Class**

**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Erin Green Comite (CT 24886)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
ecomite@scott-scott.com

**Local Counsel for the Class**

**VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.**
Michael Vanoverbeke
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
mvanoverbeke@vmtlaw.com

**Additional Counsel for Plaintiff**

4